JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LEOPALDO BRAVO,

        Plaintiff,

        v.

ARGENT MORTGAGE COMPANY, LLC, et al.,

        Defendants.

NO. CV 09-02691 SJO (JCx)

**ORDER REMANDING CASE TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES**
[Docket No.  1]

Defendant Argent Mortgage Company, LLC ("Argent") filed a Notice of Removal on April 17, 2009, alleging federal question jurisdiction as the basis of subject matter jurisdiction.  For the following reasons, the action is REMANDED to the Superior Court of the State of California for the County of Los Angeles.

I.    <u>BACKGROUND</u>

On March 12, 2009, Plaintiff Leopaldo Bravo ("Bravo") filed this lawsuit in the Superior Court of the State of California for the County of Los Angeles, bringing various claims against Argent, as well as Defendants LaSalle Bank N.A. and Quality Loan Servicing Corp. (collectively, "Defendants"), allegedly arising out of Bravo's loan transactions with Defendants.  (*See generally* Compl.)  On April 17, 2009, Argent removed the action to this Court on the basis of federal question jurisdiction, asserting that "[t]he complaint alleges . . . that Argent allegedly violated the

1    Truth[]in[]Lending Act, 15 U.S.C. § 1601, *et seq.*," "the Home Ownership and Equity Protection

2    Act (15 U.S.C. § 1637) and the Federal Trade Commission Act (15 U.S.C. §§ 41 to 48)" and, thus,

3    "it appears from the face of the complaint that the Court is presented with a federal question."

4    (Notice Removal Civil Action Pursuant 28 U.S.C. § 1441(b) (Federal Question) ("Notice Removal")

5    ¶ 2.)

6    II.    DISCUSSION

7         Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only

8    if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  The removal statute is

9    "strictly construe[d] . . . against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

10   Cir. 1992) (internal citations omitted).  "Federal jurisdiction must be rejected if there is any doubt

11   as to the right of removal . . . ."  *Id.* (internal citation omitted).  "Th[is] 'strong presumption' against

12   removal jurisdiction means that the defendant always has the burden of establishing that removal

13   is proper."  *Id.* (internal citations omitted).

14         28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising

15   under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises

16   under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates

17   the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a

18   substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr.*

19   *Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27–28 (1983); *see Empire Healthchoice*

20   *Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal citation omitted).

21         "[I]n an action for declaratory relief, the plaintiff seeks an adjudication of claims that the

22   defendants threaten to assert against the plaintiff."  *Morongo Band of Mission Indians v. Cal. State*

23   *Bd. of Equalization*, 858 F.2d 1376, 1384 (9th Cir. 1988).  In such actions, "the cause of action

24   litigated is not that of the plaintiff but that of the defendants."  *Id.* (internal citation omitted).  As

25   such, "in declaratory judgment actions, federal question jurisdiction exists if such jurisdiction would

26   have existed in a coercive action by the defendant."  *Id.* (internal citation omitted).  "A case does

27   not arise under federal law, however, when the federal question is merely an anticipated defense"

28

or "a claim for defensive declaratory relief." *Armstrong v. Armstrong*, 696 F.2d 1237, 1238 (9th Cir. 1983) (internal citations omitted).

Here, the Complaint mentions federal law only with regard to the first claim for declaratory relief. (*See generally* Compl.) Because all other claims depend entirely on state law, federal question jurisdiction exists only if the claim for declaratory relief "arises under" federal law. Bravo's claim for declaratory relief states that an "actual controversy has arisen and now exists between [Bravo] and Defendants regarding their respective rights, duties and obligations:" "[D]efendants contend that they are . . . immediately entitled to fully enforce" the provisions in loan documents, whereas Bravo "allege[s] that [D]efendants . . . are prohibited by law from attempting to enforce" these provisions. (Compl. ¶ 20.) In support of his argument that Defendants are not entitled to enforce the provisions in the loan documents, Bravo asserts that Defendants have violated California Civil Code § 1632, California Financial Code § 4970, "the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. [§] 1637, . . . the Truth [i]n Lending Act[] ("TILA"), 15 U.S.C. [§§] 1601-1667f, . . . Federal Reserve, Regulation Z, 12 C[.]F[.]R[.] 226.23(a)(3), and the Federal Trade Commission Act ("FTC"), 15 U.S.C. [§§] 41-58." (*See* Compl. ¶¶ 13–14, 19.) Although Bravo's claim for declaratory relief mentions federal laws, the cause of action being litigated in the declaratory relief claim is that of Defendants, not of Bravo. *See Morongo Band of Mission Indians*, 858 F.2d at 1384 (internal citation omitted). Bravo asserts these federal laws only as a defense to Defendants' threatened claims against him, which is insufficient to raise a federal question. *See id.*; *Armstrong*, 696 F.2d at 1238 (internal citations omitted). Given that Bravo has not asserted a federal cause of action that Defendants threaten to assert against him, his declaratory relief claim does not raise a federal question.

As such, Argent has not met its burden to establish that this Court has subject matter jurisdiction over Bravo's claims on federal question jurisdiction grounds.

III.   <u>RULING</u>

For the foregoing reasons, this action is hereby REMANDED to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.

May 8, 2009

_S. James Otero_

_____

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE